**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | | |
|---|---|---|
| JENNIFER G.,[1]<br><br>*Plaintiff*,<br><br>v.<br><br>FRANK BISIGNANO,<br>Commissioner of Social Security,<br><br>*Defendant*. | ) | Civil No. 3:25-cv-285-SLS |

## MEMORANDUM OPINION

In this action, Plaintiff Jennifer G. seeks review of the Commissioner of the Social Security Administration's ("SSA's") decision to deny her Title II application for disability insurance benefits and Title XVI application for supplemental security income. This matter comes before the Court on cross-motions for summary judgment, which have been fully briefed, making this matter ripe for review. (ECF Nos. 12, 13, 14, 15.) The Court exercises jurisdiction with the consent of the parties pursuant to 28 U.S.C. § 636(c)(1) (ECF Nos. 16, 17) and pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

Plaintiff moves the Court to reverse the Commissioner's decision denying her social security benefits and to remand this matter for further administrative proceedings consistent with the law. (ECF No. 12, at 1; ECF No. 13, at 12-13.) As the basis for such relief, Plaintiff challenges the Administrative Law Judge's ("ALJ's") step five findings. (ECF No. 13, at 1.) Specifically, she argues that the ALJ erred by failing to resolve an apparent conflict between the vocational

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that federal courts refer to claimants by their first names and last initials in social security cases.

expert's ("VE") testimony and the Dictionary of Occupational Titles ("DOT")[2] regarding overhead reaching. (ECF No. 13, at 4-5; ECF No. 15, at 1-2.)

In response, the Commissioner contends the ALJ appropriately relied on the VE's testimony at step five because the ALJ resolved the apparent conflict between the VE's testimony and the DOT regarding overhead reaching. (ECF No. 14, at 2, 8, 10-12.) Therefore, the Commissioner asks that the Court affirm his final decision denying benefits. (ECF No. 14, at 14.)

For the reasons set forth below, the Court finds that the ALJ's step five analysis did not comport with the requirements of Social Security Ruling ("SSR") 00-4p, the applicable legal standards in place at the time of the decision. *See* SSR 00-4p, 2000 WL 1898704, at *1 (Dec. 4, 2000). Specifically, the ALJ improperly relied on the VE's testimony at step five without resolving an apparent conflict between the VE's testimony and the DOT regarding overhead reaching. Therefore, the Court will: (1) grant Plaintiff's Motion for Summary Judgment (ECF No. 12); (2) deny the Commissioner's Motion for Summary Judgment (ECF No. 14); (3) reverse the final decision of the Commissioner; (4) remand the case pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this Memorandum Opinion; and (5) enter final judgment under Rule 58 of the Federal Rules of Civil Procedure.

## I. PROCEDURAL HISTORY

Plaintiff filed an application for disability insurance benefits on February 3, 2021 and for supplemental security income on July 26, 2022, alleging disability beginning on October 1, 2020. (Administrative Record ("R.") at 101, 227-34, 236-45.)[3] In her applications, Plaintiff alleged

---

[2] Hereinafter "DOT" refers to both the *Dictionary of Occupational Titles,* and its companion, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles.*
[3] The administrative record in this case remains filed under seal, pursuant to E.D. Va. Loc. Civ. R. 5 and 7(C). In accordance with these rules, the Court will exclude personal identifiers from this

disability due to various physical and mental conditions. (R. at 236, 280.) Plaintiff's applications were denied initially and again upon reconsideration. (R. at 138, 152.) Plaintiff requested a hearing before an ALJ, and one was held on March 7, 2024. (R. at 47-79, 161-62.)

On April 22, 2024, the ALJ issued a written decision, finding Plaintiff not disabled under the Social Security Act ("the Act"). (R. at 18-36.) On February 18, 2025, the SSA Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. (R. at 1-7.) Plaintiff now seeks judicial review pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

## II. STANDARD OF REVIEW

The Act defines a disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). An individual has a disability "only if his [or her] physical or mental impairment or impairments are of such severity that he [or she] is not only unable to do his [or her] previous work but cannot, considering his [or her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . . ." *Id.* § 423(d)(2)(A).

SSA regulations set forth a five-step process to determine whether an individual is disabled. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); *see Mascio v. Colvin*, 780 F.3d 632, 634-35 (4th Cir. 2015) (describing the ALJ's five-step sequential evaluation). At step one, the ALJ reviews the claimant's current work activity to determine if he or she has been participating in substantial

---

Memorandum Opinion. The Court will further restrict its discussion of Plaintiff's medical information to the extent necessary to result in a proper analysis of the case.

gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). At step two, the ALJ asks whether the claimant's medical impairments meet the regulations' severity and duration requirements. *Id.* §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). At step three, the ALJ determines whether the medical impairments meet or equal an impairment listed in the regulations. *Id.* §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). Between steps three and four, the ALJ determines the claimant's residual functional capacity ("RFC"), which accounts for the most that the claimant can do despite his or her impairments. *Id.* §§ 404.1545(a)(1), 416.945(a)(1).

At step four, the ALJ assesses whether the claimant can perform his or her past employment given his or her RFC. *Id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). The burden of proof remains with the claimant through step four of the analysis, and the claimant must prove that his or her limitations preclude the claimant from performing his or her past relevant work. *See Bowen v. Yuckert,* 482 U.S. 137, 146 n.5 (1987); *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012). If such past work can be performed, then benefits will not be awarded, and the analysis ends. *See* 20 C.F.R. §§ 404.1520(f), 416.920(f). However, if the claimant cannot perform his or her past work, the analysis proceeds to step five, and the burden then shifts to the Commissioner to show that the claimant can perform other work that is available in the national economy. *See id.* §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). The Commissioner usually offers this evidence through the testimony of a vocational expert. *See Mascio*, 780 F.3d at 635.

In reviewing a decision to deny benefits, the Court will affirm the SSA's "disability determination 'when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence.'" *Id.* at 634 (quoting *Bird v. Comm'r of Soc. Sec. Admin.*, 699 F.3d 337, 340 (4th Cir. 2012)). Substantial evidence requires more than a scintilla but less than a preponderance of evidence and includes the kind of relevant evidence that a reasonable mind could

accept as adequate to support a conclusion. *See Hancock*, 667 F.3d at 472; *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). The substantial evidence standard "presupposes . . . a zone of choice within which the decisionmakers can go either way, without interference by the courts." *Dunn v. Colvin*, 607 F. App'x 264, 274 (4th Cir. 2015) (quoting *Clarke v. Bowen*, 843 F.2d 271, 272-73 (8th Cir. 1988)). Thus, a decision by the Commissioner is not subject to reversal merely because substantial evidence would have supported a different conclusion. *Id.*

To determine whether substantial evidence exists, the Court must examine the record as a whole, but may not "reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [ALJ]." *Hancock*, 667 F.3d at 472 (quoting *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (second alteration in original)); *see Craig*, 76 F.3d. at 589. The Court must consider the support for the Commissioner's decision and "whatever in the record fairly detracts from its weight." *Breeden v. Weinberger*, 493 F.2d 1002, 1007 (4th Cir. 1974) (quoting *Universal Camera Corp. v. N.L.R.B.*, 340 U.S. 474, 488 (1951)). If a fact is supported by substantial evidence, the Court must affirm, regardless of whether the Court agrees with such findings. *Hancock*, 667 F.3d at 476 (citing *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996)). If the Commissioner's findings are arbitrary or unjustified, then they are not supported by substantial evidence, and the Court must reverse the decision. *See Breeden*, 493 F.2d at 1007.

## III. THE ALJ'S DECISION[4]

The ALJ analyzed Plaintiff's disability claim under the five-step evaluation process. (R. at 21-36.). *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); *Mascio*, 780 F.3d at 634. At step one,

[4] Because Plaintiff's sole assignment of error challenges the ALJ's step five findings, the Court largely restricts its discussion of the ALJ's decision to the step five evaluation. As Plaintiff recognizes, because "the assignment of error does not involve, as is typical, an attack on the RFC finding itself, a summary of the underlying medical evidence is not necessary in this case." (ECF No. 13, at 3.)

the ALJ determined that Plaintiff had not engaged in substantial gainful activity since October 1, 2020 (the alleged onset date). (R. at 21.) At step two, the ALJ found Plaintiff suffered from the following severe impairments: cervical and lumbar degenerative disc disease, lumbar radiculopathy, inflammatory/rheumatoid arthritis, osteoarthritis of the hands, gastroesophageal reflux disease, obstructive sleep apnea, and obesity. (R. at 21.) At step three, the ALJ concluded that Plaintiff did not have an impairment, individually or in combination, which met or equaled a disability listing in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. at 26-27.)

The ALJ then determined Plaintiff's RFC. (R. at 27-33.) Based on the record, the ALJ found that Plaintiff could perform sedentary work, as defined by 20 C.F.R. §§ 404.1567(a) and 416.967(a) with additional limitations, including as relevant here: "[Plaintiff] can occasionally reach overhead bilaterally." (R. at 27.) After completing the RFC assessment, the ALJ found at step four that Plaintiff was unable to perform any past relevant work. (R. at 33.) The ALJ then determined Plaintiff's vocational factors, including that she had at least a high school education and met the definition of a younger individual. (R. at 34.)

At step five, the ALJ considered Plaintiff's vocational factors and RFC to determine whether Plaintiff could perform jobs that exist in significant numbers in the national economy. (R. at 34-35.) Based on VE testimony, the ALJ found Plaintiff capable of performing the occupations of order clerk (with 113,000 jobs in the national economy), telephone clerk (with 27,000 jobs in the national economy), and final assembler (with 252,000 jobs in the national economy). (R. at 34-35.) The VE identified no conflicts, apparent or otherwise, between her testimony and the DOT. (R. at 35.) The ALJ found that the VE's "testimony was consistent with areas addressed by the [DOT] and that his [sic] testimony regarding areas that [we]re not addressed by the [DOT], such

as . . . overhead reaching . . . , was based on his [sic] knowledge, training, education and experience." (R. at 35.) Therefore, the ALJ found Plaintiff not disabled. (R. at 35.)

## IV. ANALYSIS

Plaintiff asserts that the ALJ failed to resolve an apparent conflict between the VE's hearing testimony and the DOT regarding overhead reaching. (ECF No. 13, at 4-5.) Specifically, Plaintiff contends that the RFC limits Plaintiff to occasional overhead reaching whereas the occupations identified by the VE at step five each involve frequent reaching according to the DOT. (ECF No. 13, at 6.) Plaintiff argues that the VE's testimony does not constitute substantial evidence supporting the ALJ's step five findings considering this unresolved apparent conflict. (ECF No. 13, at 7.) In response, the Commissioner contends that the ALJ resolved the apparent conflict between the VE's testimony and the DOT and appropriately relied on the VE's testimony. (ECF No. 14, at 8-10.) Specifically, the Commissioner argues that the ALJ found that the VE relied on vocational experience for areas not addressed by the DOT. (ECF No. 14, at 11.) Having reviewed the ALJ's decision, the Court agrees with Plaintiff. The ALJ failed to resolve an apparent conflict between the VE's testimony and the DOT consistent with the requirements of SSR 00-4p, which was applicable at the time of the ALJ's decision. *See* SSR 00-4p, 2000 WL 1898704, at *1 (Dec. 4, 2000). This error requires remand.

At step five of the sequential analysis, the Commissioner has the burden of showing that the claimant can perform work existing in significant numbers in the national economy considering the claimant's age, education, work experience, and RFC. 20 C.F.R. §§ 404.1520(g), 404.1566, 416.920(g), 416.966. In doing so, the Commissioner may rely on the testimony of a VE. *Id.* §§ 404.1566(e), 416.966(e). SSR 00-4p, the applicable rule at the time of the ALJ's decision, clarifies

the standards for the use of VEs at hearings. SSR 00-4p, 2000 WL 1898704, at *1 (Dec. 4, 2000).[5] The ALJ must affirmatively ask the VE if the evidence he or she has provided conflicts with information provided in the DOT. *See id.* Moreover, before relying on VE testimony to support a disability decision, an ALJ must (1) identify and obtain a reasonable explanation for any apparent conflicts between occupational information provided by a VE and information in the DOT, including its companion publication, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* ("SCO");[6] and (2) explain in the determination or decision how any conflict that has been identified was resolved. SSR 00-4p, 2000 WL 1898704, at *2 (Dec. 4, 2000).

Here, the ALJ presented the VE with a hypothetical individual limited to sedentary exertion, plus other limitations, including: "The individual would be limited to occasional overhead reaching bilaterally." (R. at 72-73.) The VE testified that the hypothetical person could perform sedentary, unskilled jobs existing in significant numbers in the national economy, including order clerk (with approximately 113,000 jobs in the national economy), telephone clerk (with approximately 27,000 jobs in the national economy), and final assembler (with approximately 252,000 jobs in the national economy). (R. at 73-74.) According to the DOT, however, all of these occupations require frequent reaching. SCO, *supra*, at 283 (final assembler), 335 (order clerk), 336 (telephone clerk). When the ALJ asked the VE whether her testimony had been consistent with the DOT, the VE responded by stating:

> Judge, I believe it's been consistent. There are issues you addressed in your hypotheticals, which are not specifically indicated in the DOT to include pushing and pulling with the upper extremities, any differentiation in climbing, *overhead reaching*, the use of foot

[5] SSR 24-3p rescinded and replaced SSR 00-4p and applies to determinations or decisions dated on or after January 6, 2025. SSR 24-3p, 89 Fed. Reg. 97158-01 at *97158 (Dec. 6, 2024).
[6] U.S. Dep't of Lab., Emp. & Training Admin., *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* (1993).

> controls, the use of a cane for ambulation, missing days from work, as well as off task time. My response in regard to those issues, Judge, has been more based upon vocational experience, Your Honor.

(R. at 75 (emphasis added).)

In the decision, the ALJ found Plaintiff retained the RFC to perform the narrow range of sedentary work presented in the hypothetical to the VE, including that Plaintiff could occasionally reach overhead bilaterally. (R. at 27-28, 72-73.) At step five, after considering Plaintiff's age, education, work experience, and RFC, as well as relying on the VE's testimony, the ALJ found that Plaintiff could perform the occupations of order clerk, telephone clerk, and final assembler. (R. at 34-35.) The ALJ determined that the VE testified consistently with the DOT and that she based her testimony regarding areas not addressed by the DOT on her knowledge, training, education, and experience. (R. at 35.) As a result, the ALJ found Plaintiff not disabled. (R. at 35-36.)

In doing so, the ALJ did not comply with applicable legal standards and failed to resolve an apparent conflict between the VE's testimony and the DOT. The ALJ properly asked the VE if her testimony was consistent with the DOT, but the VE inexplicably testified that her testimony had "been consistent" with the DOT and to the extent the DOT did *not* address issues in the hypothetical, including "overhead reaching," she based her testimony on her experience. (R. at 75.) However, the Fourth Circuit has ruled that SSR 00-4p requires an ALJ to independently identify apparent conflicts between the expert's testimony and the DOT. *Pearson v. Colvin*, 810 F.3d 204, 209 (4th Cir. 2015). While the VE testified that she believed her testimony was consistent with the DOT, "an ALJ has not fulfilled his affirmative duty 'merely because the [vocational expert] responds "yes" when asked if her testimony is consistent with the [Dictionary].'" *Pearson*, 810 F.3d at 208 (quoting *Moore v. Colvin*, 769 F.3d 987, 990 (8th Cir.

2014)). Undoubtedly, SSR 00-4p requires "far more than that [an] ALJ ask the vocational expert a single question." *Id.* at 208 n.3. Therefore, the ALJ had an obligation to independently identify any conflicts between the VE's testimony and the DOT in her decision and failed to do so. *See id.* at 209.

While the ALJ found the VE's testimony to be consistent with the DOT, there is an apparent conflict between the two because all three jobs presented by the VE require frequent reaching according to the DOT and the ALJ limited Plaintiff to occasional overhead reaching.[7] (R. at 27, 73-75.) To illustrate, an apparent conflict exists when the VE's testimony "seems to, but does not necessarily conflict with the DOT." *See Pearson*, 810 F.3d at 209. "The 'apparent' conflict standard . . . embraces the reality that in many cases, testimony may only *appear* to conflict with the *Dictionary*, and the vocational expert may be able to explain that, in fact, no conflict exists. However, if the ALJ does not elicit this explanation, then the expert's testimony cannot provide substantial evidence to support the ALJ's decision." *Id.*

In *Pearson v. Colvin*, the ALJ found that the claimant's nondominant arm could only occasionally reach upward. 810 F.3d at 210. Despite this limitation, the VE in that case testified that the claimant could perform three occupations which each required frequent reaching. *See id.* The Commissioner argued that no conflict existed because the claimant could frequently reach bilaterally in every direction but overhead. *Id* at 211. However, the Fourth Circuit rejected this argument, explaining that even though the DOT did not expressly state the occupations required frequent bilateral overhead reaching, the broad definition of reaching, which includes extending

[7] Plaintiff incorrectly asserts that the ALJ limited her to no overhead reaching. (ECF No. 13, at 5.) In actuality, the ALJ limited Plaintiff to *occasional* overhead reaching. (R. at 30.)

the arm in any direction, meant that the occupations may have required such reaching frequently.[8] *See id.* Thus, an apparent conflict existed between the VE's testimony and the DOT. *Id.*

Here, like in *Pearson*, the jobs presented by the VE required frequent overhead reaching, and Plaintiff was limited to occasional overhead reaching, creating an apparent conflict between the VE's testimony and the DOT. *See id.* Again, pursuant to SSR 00-4p, the ALJ had the responsibility of identifying this apparent conflict and providing a reasonable explanation for the conflict in her decision, which she failed to do. *See* SSR 00-4p, 2000 WL 1898704, at *1 (Dec. 4, 2000); (R. at 35). The ALJ incorrectly found, without explanation, that the VE's testimony was consistent with the DOT and erred by relying on the VE's conclusory testimony that no conflict existed. (R. at 35, 75.) "[A]n ALJ errs if he ignores an apparent conflict on the basis that the VE testified that no conflict existed." *Henderson v. Colvin*, 643 F. App'x 273, 277 (4th Cir. 2016) (citing *Pearson*, 810 F.3d at 210).

The Commissioner argues that the ALJ did resolve the apparent conflict between the VE's testimony and the DOT, but the record shows otherwise. As an initial matter, the ALJ did not even acknowledge the apparent conflict. (R. at 35 ("Pursuant to SSR 00-4p, the undersigned has determined that the [VE]'s testimony is consistent with the information contained in the [DOT]. Specifically, the [VE] testified that his [sic] testimony was consistent with areas addressed by the [DOT]."); R. at 75 (VE stating that she believes her testimony has been consistent with the DOT).) This leaves the apparent conflict between how a person limited to occasional overhead reaching could perform occupations which required frequent reaching unresolved.

---

[8] Reaching is defined as "extending hand(s) and arm(s) in any direction." SCO, *supra*, at C-3.

Moreover, to the extent the ALJ points to the VE's experience as the basis for the VE's testimony, that is limited to those issues *not* addressed by the DOT. (*See* R. at 35 ("[T]he [VE] testified . . . that his [sic] testimony regarding areas that are not addressed by the [DOT], such as . . . overhead reaching . . . , was based on his [sic] knowledge, training, education, and experience."); R. at 75 ("There are issues you addressed in your hypotheticals, which are not specifically indicated in the DOT to include . . . overhead reaching . . . , [and] [m]y response in regard to those issues, Judge, has been more based upon vocational experience, your Honor.").) It is impossible to reconcile this testimony given that the DOT specifically addresses reaching for the occupations at issue. To the extent those occupations may require frequent reaching only in directions other than overheard, nothing in the record provides substantial support for such a conclusion. Because the ALJ failed to independently identify and resolve apparent conflicts between the VE's testimony and the DOT, the ALJ improperly relied on the VE's testimony at step five, warranting remand. *See* SSR 00-4p, 2000 WL 1898704, at *1 (Dec. 4, 2000).

While remand would ordinarily come with instructions to conduct further administrative proceedings consistent with the Court's remand order, Social Security Ruling (SSR) 24-3p became effective on January 6, 2025, and rescinded and replaced SSR 00-4p. SSR 24-3p, 89 Fed. Reg. 97158-01 at *97158 (Dec. 6, 2024). Upon remand, this will be the operative rule.[9] In remanding this case, the Court expresses no opinion as to the merits of Plaintiff's disability claims. In addition, because of the remand, the Court need not address the other arguments raised by Plaintiff in

---

[9] "We expect that Federal courts will review our final decisions using the rules that were in effect at the time we issued the decisions. If a court reverses our final decision and remands a case for further administrative proceedings after the applicable date of this SSR, we will apply this SSR to the entire period at issue in the decision we make after the court's remand." SSR 24-3p, 89 Fed. Reg. at *97158 n.1 (Dec. 6, 2024).

challenging the ALJ's step five findings. On remand, however, the ALJ may also consider those additional allegations of error.

## V. CONCLUSION

For the reasons set forth above, the Court will: (1) grant Plaintiff's Motion for Summary Judgment (ECF No. 12); (2) deny Defendant's Motion for Summary Judgment (ECF No. 14); (3) reverse the final decision of the Commissioner; (4) remand the case pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this Memorandum Opinion; and (5) enter final judgment under Rule 58 of the Federal Rules of Civil Procedure.

/s/
Summer L. Speight
United States Magistrate Judge

Richmond, Virginia
Date: September 25, 2026